**Mary D. DORMAN, Troy Gustavson and Joseph Townsend, Plaintiffs–Appellants,**

**v.**

**Bernadette CASTRO, individually and in her official capacity, Roy Dobbins, individually and in his official capacity, Walter Buhner, Sergeant, individu-**

ally and in his official capacity and Edward Powers, Police Officer, individually and in his official capacity, Defendants–Appellees.

**Docket No. 02–9026.**

United States Court of Appeals, Second Circuit.

Argued: Aug. 26, 2003.

Decided: Oct. 20, 2003.

Colleen M. Meenan, Meenan, Meenan & Associates, LLC, New York, N.Y., for Plaintiffs–Appellants.

Jean Lin, Assistant Solicitor General, Attorney General's Office for the State of New York (Eliot Spitzer, Attorney General for the State of New York, on the brief; Michelle Aronowitz, Deputy Solicitor General, of counsel) New York, N.Y., for Defendants–Appellees.

Before: MESKILL, MINER, and STRAUB, Circuit Judges.

PER CURIAM.

Plaintiffs–Appellants Mary D. Dorman, Troy Gustavson, and Joseph Townsend appeal from that part of the August 9, 2002 judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*) dismissing their claims under 42 U.S.C. § 1983 alleging violations of the First and Fourth Amendments and declining to exercise supplemental jurisdiction over their remaining state law claims. The facts of this case are discussed in greater detail in the District Court's August 8, 2002 Memorandum of Decision and Order. *See Dorman v. Castro*, 214 F.Supp.2d 299 (E.D.N.Y. 2002). For substantially the reasons stated therein, we affirm. Unlike the District Court, however, we do not reach the issue of whether the issuance of appearance tickets to plaintiffs requiring them to appear in court at a later date constitutes a "seizure" for purposes of the Fourth Amendment.

On September 4, 2000, allegedly in protest of a state policy prohibiting individuals from accessing Long Beach Point by means other than designated land-based entrances, plaintiffs (along with other community residents) accessed Long Beach Point either by rowing a boat ashore or

swimming ashore from boats anchored nearby. Police officers immediately directed the plaintiffs to exit the beach; because plaintiffs refused to comply, they were issued tickets charging them with disorderly conduct and requiring them to appear one month later in Southold Town Court. The criminal charges were subsequently dropped, and plaintiffs sued in federal court alleging violations of their federal and state constitutional rights and alleging state tort law causes of action.

In addressing plaintiffs' Fourth Amendment claim, the District Court determined that plaintiffs had been subject to a "seizure" because "the mere issuance of an appearance ticket, without any restraint on travel, is a sufficient restraint of liberty to constitute a 'seizure' under the Fourth Amendment." *Dorman,* 214 F.Supp.2d at 308. Nevertheless, the District Court ultimately concluded that dismissal of the Fourth Amendment claim was required because there had been sufficient probable cause to justify the issuance of the appearance tickets. *See id.* at 309.

We affirm the dismissal of plaintiffs' Fourth Amendment claim solely on the probable cause ground. Whether a mere *pre-*arraignment summons constitutes a Fourth Amendment "seizure" is, in our view, a difficult issue and one that has not yet been resolved in this Circuit. In *Murphy v. Lynn,* 118 F.3d 938, 942 (2d Cir. 1997), *cert. denied,* 522 U.S. 1115, 118 S.Ct. 1051, 140 L.Ed.2d 114 (1998), a defendant accused of crimes that included two felo-

nies was released *post-*arraignment on his own recognizance but ordered by the court to "return to court whenever his presence was required" and "not to leave the State of New York while the criminal charges were pending." Although we held that there was a seizure in *Murphy,* the case is distinguishable from the present one, which involves a pre-arraignment summons. *Cf. Britton v. Maloney,* 196 F.3d 24, 30 (1st Cir.1999) ("Absent any evidence that [plaintiff] was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to establish a seizure within the meaning of the Fourth Amendment."), *cert. denied,* 530 U.S. 1204, 120 S.Ct. 2198, 147 L.Ed.2d 234 (2000).

In this case, we need not determine whether the issuance of appearance tickets constituted a seizure because, even assuming that a seizure took place, the existence of probable cause is evident. *Cf. Lyng v. Northwest Indian Cemetery Protective Ass'n,* 485 U.S. 439, 445, 108 S.Ct. 1319, 99 L.Ed.2d 534 ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."). Plaintiffs themselves admit that they accessed the beach from the water rather than the designated land-based entrances, that the police witnessed their conduct, and that they were issued tickets only after they refused to exit the area.* *See Golino v. City of New Haven,*

---

* Although plaintiffs claim to have been arrested pursuant to an invalid park policy, the legality of their conduct is addressed by regulations which plaintiffs do not assert to be unlawful. *See, e.g.,* 9 N.Y. COMP. CODES R. & REGS. § 377.1(h) (prohibiting swimming, bathing, and wading in state parks "except in areas specifically designated therefor"). Plaintiffs concede that even though this portion of the state park was not a designated bathing

beach, two plaintiffs swam ashore. In addition, it would appear from the complaint that plaintiffs did not pay a fee to enter the park. *See id.* § 375.1(g) ("No person shall enter upon or use any facility or property for the use of which a charge or fee is imposed, unless he shall have first paid such charge or fee."). We understood plaintiffs to state at oral argument that these rules do not apply to this beach despite their plain language. If

950 F.2d 864, 870 (2d Cir.1991) ("Probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested."), *cert. denied,* 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992).

Accordingly, the judgment of the District Court is AFFIRMED.

they had presented any theory supporting this legal claim, we would have had to consider it; but they did not, and we can see no reason why the terms of the regulations would not apply.